# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-320V
### Filed: September 24, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| ANGELA WATERS, * | |
| * | |
| Petitioner, * | Damages Decision Based on Proffer; |
| v. * | Influenza or Flu Vaccine; Shoulder |
| * | Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH * | ("SIRVA"); Special Processing Unit |
| AND HUMAN SERVICES, * | ("SPU") |
| * | |
| Respondent. * | |
| * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Alison Haskins, Esq., Maglio Christopher and Toale, PA, (FL) Sarasota, FL,*
*      for petitioner.*
*Justine Walters, Esq., U.S. Department of Justice, Washington, DC for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On March 27, 2015, Angela Waters filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. The petition alleges that as a result of an Influenza ("flu") vaccination on October 22, 2013, petitioner suffered a shoulder injury related to vaccine administration ("SIRVA"). The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 4, 2015, a ruling on entitlement finding petitioner entitled to compensation was issued. On September 24, 2015, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded a payment of $95,230.17. Proffer at 2.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $95,230.17 in the form of a check payable to petitioner.**

These amounts represent compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**<u>s/Nora Beth Dorsey</u>**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____
                                )
ANGELA WATERS,              )
                                )
    Petitioner,            )
                                )
    v.                  )    No. 15-320V
                                )    Chief Special Master Dorsey
                                )    ECF
SECRETARY OF HEALTH AND    )    SPU
HUMAN SERVICES,          )
                                )
    Respondent.        )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On March 27, 2015, petitioner, Angela Waters, filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 to -34 ("Vaccine Act"), alleging that she suffered from a left shoulder injury as a result of receiving an influenza vaccination in her left arm on October 22, 2013.  On June 3, 2015, respondent filed her Rule 4(c) Report stating that petitioner's left arm injury is consistent with a shoulder injury related to vaccine administration ("SIRVA").  Respondent conceded that petitioner's SIRVA is compensable under the Vaccine Act.  Accordingly, on June 4, 2015, Special Master Vowell issued a Ruling on Entitlement finding that petitioner is entitled to compensation for SIRVA.  For the purposes of this proffer, the term "vaccine-related" is as described in Respondent's Rule 4(c) Report filed on June 3, 2015.

## I.       Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded

$95,230.17, which represents all elements of compensation to which petitioner is entitled under

42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

## II.      Form of the Award

The parties recommend that the compensation provided to petitioner should be made

through a lump sum payment of $95,230.17 in the form of a check payable to petitioner.

Petitioner agrees.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Senior Trial Attorney
Torts Branch, Civil Division

 s/ Justine Walters
JUSTINE WALTERS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel.: (202) 307-6393

DATE: September 24, 2015

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.